UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IHSAN ABDELHALIM,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF MANTECA, et al.,<br><br>        Defendants. | Case No. 2:25-cv-03754-DC-CSK<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND<br><br>(ECF Nos. 1, 2) |

Plaintiff Ihsan Abdelhalim is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

I.    SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## II.    DISCUSSION

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 against seventeen (17) defendants consisting of the City of Manteca, ten city-employed police officers and three police supervisors sued in their individual and official capacities, and three city employees sued in their individual and official capacities. (Compl., ¶¶ 5-21.) Plaintiff alleges the following constitutional violations: (1) denial of equal protection and selective enforcement; (2) violation of procedural due process; (3) violation of

substantive due process; (4) retaliation in violation of the Fourth Amendment; (5) unreasonable search and seizure in violation of the Fourth Amendment; and (6) fabrication of evidence and fraudulent concealment in violation of the Fourth Amendment. Plaintiff also asserts three claims under California law: violation of the Bane Act, intentional infliction of emotional distress, and negligence. (*Id.* at 37-54.) Broadly speaking, Plaintiff alleges that Defendants engaged in a "multi-year campaign of discriminatory policing, official retaliation, and deliberate indifference" against him and subjected him to repeated constitutional injury and harassment. (*Id.*, ¶ 1.)

### A.    Failure to Comply with Federal Rule of Civil Procedure 8

Plaintiff's 56-page complaint alleges that "from June 2023 through December 2025, the City of Manteca and its agents engaged in a continuous and escalating pattern [of wrongful acts] that deprived Plaintiff of his constitutional rights." (Compl., ¶ 36.) The complaint alleges numerous events between June 2023 and December 2025. Though it describes certain events in detail, it does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Even if the factual elements of the cause of action are present, but they are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. *See Briskin v. Shopify, Inc.*, 135 F.4th 739, 762 (9th Cir. 2025) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.") (citing *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996)). Plaintiff does not explain how the complaint's factual allegations (e.g., that Defendants conducted a "baseless welfare check" (Compl., ¶ 47) or wrote an inaccurate incident report (*id.*, ¶ 50)) entitle him to relief on any claim. Though the Court will discuss the substance of the

3

claims below, the complaint is subject to dismissal on the independent basis of failure to comply with Rule 8.

**B.     Section 1983 Standards**

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). That is, a plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679. Per this standard, Plaintiff's claims against both individual and supervisory defendants must show each defendant's personal involvement in the alleged constitutional deprivation or that the defendant caused the deprivation, or be subject to dismissal.

////

////

### C.    Municipal Liability (*Monell* Claims)

Plaintiff claims that Defendants City of Manteca, Carmona, Montero, Mueller, Casqueiro, and Lewis are subject to municipal liability. (Compl., ¶¶ 66-72.) "In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To impose liability under *Monell*, a plaintiff must show that (1) she was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that plaintiff alleges caused his constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070. Plaintiff has not identified any particular policy that causes his alleged constitutional injury or satisfied the other elements of *Monell.* Thus his *Monell* claims are subject to dismissal.

### D.    Unrelated Claims in One Action

As described above, the complaint asserts claims against seventeen defendants based on disparate events over a two-and-half-year period. Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one action as defendants if

"any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; *see also Michaels Building Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissal under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)). Plaintiff alleges a series of events beginning in June 2023, including multiple incidents in 2023 (occurring in June, September, October, and December 2023, respectively) and multiple incidents over the course of 2025. Plaintiff has not shown that these alleged events involve common questions of law and fact such that all defendants belong in one action. For this independent reason, the complaint is subject to dismissal.

### E.    State Law Claims

Plaintiff also seeks to bring a claim pursuant to Cal. Civ. Code § 52.1 along with state law claims for intentional infliction of emotional distress and negligence. As discussed above, Plaintiff has failed to state a claim under federal law. Accordingly, the Court will not exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Campos v. Fresno Deputy Sheriff's Association*, 535 F. Supp. 3d 913, 931 (E.D. Cal. 2021); *Religious Tech. Ctr. V. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992).

### F.    Leave to Amend

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could

6

allege additional facts to state claims under 15 U.S.C. § 1681s-2(b), the Court finds it appropriate to grant Plaintiff an opportunity to amend his Complaint. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure – if it appears at all possible the defects can be corrected).

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claim. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms. The amended complaint should be titled "First Amended Complaint."

The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry* 84 F.3d at 1177 (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the

7

amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).

## III.   MOTION TO E-FILE

Plaintiff has filed a motion seeking leave to file documents electronically through the court's CM/ECF system. (ECF No. 3.) He asserts that mailing documents from San Joaquin County, California is a "continuing financial hardship, particularly given the volume of documents anticipated in this [case] against multiple defendants." (*Id.* at 2.) Local Rule 133(b)(2) provides that any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge, and that all pro se parties shall file and serve paper documents as required by the applicable federal rules. The Court does not find good cause at this time to grant Plaintiff an exception to the general rule for pro se parties. Thus Plaintiff's request will be denied.

## IV.   CONCLUSION

In accordance with the above, IT IS ORDERED that:

1.   Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

2.   Plaintiff's Complaint (ECF No. 1) is DISMISSED with leave to amend;

3.   Plaintiff shall have 30 days from the date of this order to file a First Amended Complaint that complies with the instructions provided above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed; and

4.  Plaintiff's Motion to E-File (ECF No. 3) is DENIED.

Dated:  March 20, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

6/abde3754.scrn.wlta

8