UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IHSAN ABDELHALIM,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MANTECA, et al.,<br><br>Defendants. | Case No. 2:25-cv-03754-DC-CSK (PS)<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 11) |

Plaintiff Ihsan Abdelhalim is representing himself in this action and has filed a First Amended Complaint.[1] (ECF No. 11) ("FAC"). The Court granted Plaintiff's request to proceed in forma pauperis and dismissed the original Complaint with leave to amend within 30 days. 3/20/2026 Order (ECF No. 10).

For the reasons that follow, the Court recommends that the FAC be dismissed without leave to amend for failure to state a claim.

I.    SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## II.    DISCUSSION

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 against the following seventeen named defendants: the City of Manteca; Kody Odom, a city-employed police officer sued only in his individual capacity; eight other city-employed police officers sued in their individual and official capacities; four police supervisors sued

in their individual and official capacities; and three city employees sued in their individual and official capacities. FAC ¶¶ 5-21 (ECF No. 11). Plaintiff also sues six Doe police officers in their individual and official capacities and a Doe city dispatcher sued in her individual and official capacities. *Id.* ¶¶ 22-28. Plaintiff alleges the following constitutional violations:  (1) denial of equal protection and selective enforcement; (2) violation of substantive due process; (3) violation of procedural due process; (4) retaliation in violation of the First Amendment; (5) unreasonable search and seizure in violation of the Fourth Amendment; and (6) fabrication of evidence in violation of the Fourth Amendment. *Id.* ¶¶ 173-259. Plaintiff also asserts three claims under California law: violation of the Bane Act, intentional infliction of emotional distress, and negligence. *Id.* ¶¶ 260-281. Broadly speaking, Plaintiff alleges that Defendants engaged in a "multi-year campaign of discriminatory policing, official retaliation, and deliberate indifference" against him and subjected him to repeated constitutional injury and harassment. *Id.* ¶ 1.

### A.    Failure to Comply with Federal Rule of Civil Procedure 8

Plaintiff's 48-page FAC alleges that Plaintiff's claims arise out of "a continuous and escalating campaign of retaliatory and discriminatory policing by the [City of Manteca] and its agents against Plaintiff, spanning from June 2023 to December 2025." FAC ¶ 1. The FAC alleges numerous events between June 2023 and December 2025. Although it describes certain events in detail, the FAC does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief Plaintiff seeks. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Even if the factual elements of the cause of action are present, but they are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. *See Briskin v. Shopify, Inc.*, 135 F.4th 739, 762 (9th Cir. 2025) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity

3

as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.") (citing *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996)).

Here, despite having amended his Complaint once, Plaintiff does not clearly explain how the FAC's factual allegations (*e.g.*, that Defendants wrote false or conclusory incident reports in response to Plaintiff's alleged crime reports, *see* FAC ¶¶ 55, 63, 79-82, 98-102, 130-131, that Defendants conducted a welfare check "based on fabricated evidence," *id.* ¶ 93, or that Defendants failed to investigate Plaintiff's complaints to the City, *see id.* ¶¶ 117-122) entitle Plaintiff to relief on any claim. Though the Court will discuss the substance of the claims below, the FAC is subject to dismissal on the independent basis of failure to comply with Rule 8.

**B.      Section 1983 Standards**

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section

1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). That is, a plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679. Per this standard, Plaintiff's claims against both individual and supervisory defendants must show each defendant's personal involvement in the alleged constitutional deprivation or that the defendant caused the deprivation, or be subject to dismissal.

### C.    Municipal Liability (*Monell* Claims)

Plaintiff claims that Defendant City of Manteca is subject to municipal liability. *See* FAC ¶¶ 166-172. "In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To impose liability under *Monell*, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that plaintiff alleges caused his constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070.

Here, as found in the Court's order dismissing the original Complaint, Plaintiff has

failed to identify any particular policy that causes his alleged constitutional injury or satisfied the other elements of *Monell. See* 3/20/2026 Order at 5. Plaintiff lists various "customs," but these do not differ substantially from the allegations in the original Complaint, which was dismissed. *Compare* ECF No. 1 ¶ 69, *with* ECF No. 11 ¶¶ 167-170. Thus, Plaintiff's *Monell* claim is subject to dismissal.

### D.   Unrelated Claims in One Action

As described above, the FAC asserts claims against twenty-four defendants (seventeen named defendants and 7 Doe defendants) based on disparate events over a two-and-half-year period. Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits."). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; *see also Michaels Building Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissal under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).

Here, as found in the Court's order dismissing the original Complaint, the FAC fails to satisfy the criteria for joining claims under Rule 20(a). *See* 3/20/2026 Order at 5-6. Plaintiff alleges a series of events beginning in June 2023, including multiple incidents in 2023 (occurring in June, September, October, and December 2023, respectively) and multiple incidents in 2025 (occurring in April, May, June, November, and December 2025). Plaintiff has not shown that these alleged events involve common questions of law and fact such that all defendants belong in one action. For example, the FAC provides only a conclusory allegation that Plaintiff's claims "arise from a single, ongoing series of transactions and occurrences: a continuous and escalating campaign of

retaliatory and discriminatory policing." FAC ¶ 1. Further, although Plaintiff argues that "[c]ommon questions of law and fact include whether Defendants maintained a custom of selective enforcement, whether the welfare check was retaliatory, and whether the fabricated reports were part of a pattern," FAC ¶ 1, this argument fails to justify joining the FAC's numerous claims, many of which do not involve *Monell* liability or the events of the FAC's alleged welfare check. *See* FAC ¶¶ 84-93. Accordingly, for the independent reason that the FAC fails to establish that Plaintiff's claims against Defendants are sufficiently related under Rule 20(a), the FAC is subject to dismissal.

### E.    State Law Claims

Plaintiff also seeks to bring a claim pursuant to Cal. Civ. Code § 52.1 along with state law claims for intentional infliction of emotional distress and negligence. As discussed above, Plaintiff has failed to state a claim under federal law. Accordingly, the Court will not exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Campos v. Fresno Deputy Sheriff's Association*, 535 F. Supp. 3d 913, 931 (E.D. Cal. 2021); *Religious Tech. Ctr. V. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992).

### F.    Leave to Amend

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez*, 203 F.3d at 1126-30. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id*. at 1130-31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be

cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

Here, the Court provided Plaintiff with a detailed explanation of the deficiencies in his original Complaint and granted leave to amend. *See* 3/20/2026 Order. Despite this, Plaintiff has been unable to cure the same deficiencies identified in the Court's March 20, 2026 Order and allege sufficient facts to state a claim against any defendant. Accordingly, the Court finds that further amendment would be futile. The FAC should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato*, 70 F.3d at 1105-06.

III.    **CONCLUSION**

Based upon the findings above, it is RECOMMENDED that:

1.    Plaintiff's First Amended Complaint (ECF No. 11) be DISMISSED without leave to amend; and

2.    The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 2, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, abde.3754.25

8